UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

FILED
at 8 O'clock & 25 min A m

MAR 0 4 2005

Clerk
United States Bankruptcy Court
District of North Dakota

In re:

Bankruptcy No. 04-31494
Chapter 11

Harwood Hideout, Inc.,

    Debtor.

_____/

## MEMORANDUM AND ORDER

  On January 26, 2005, Miller R & C, Inc. filed a motion pursuant to 11 U.S.C. § 362(d)(1), (2) and (3) for relief from the automatic stay. Debtor Harwood Hideout, Inc. resists the motion. The matter was heard on February 17, 2005. Also on February 17, 2005, the Debtor filed its disclosure statement and plan of reorganization.

  The Debtor operates a retail food and beverage business in Harwood, North Dakota. Miller R & C holds a mortgage against the real property used by the Debtor to operate its business. On July 1, 2004, a North Dakota state court entered a judgment in favor of Miller R & C against the Debtor in the total amount of $123,291.03 as of December 1, 2003. The state court further determined that Miller R & C was entitled to foreclose on its mortgage to satisfy the indebtedness. A sheriff's sale was scheduled to be held on August 25, 2004. The sale was canceled when the Debtor filed for relief under Chapter 11 of the United States Bankruptcy Code on August 24, 2004.

  The automatic stay of section 362(a) gives fundamental protection to the debtor and the estate during the pendency of a bankruptcy case. The stay arises by operation of law upon the filing of a bankruptcy petition, and it prohibits the exercise of nearly all legal and equitable

AO 72A
(Rev.8/82)

remedies to realize on prepetition debt or to recover property or property rights from the debtor or the estate. The Bankruptcy Code provides that a creditor may seek relief from the automatic stay in certain limited circumstances provided in section 362(d).

Under section 362(d)(2), the creditor seeking relief from the automatic stay initially bears the burden of showing that the debtor has no equity in the secured property. See Anderson v. Farm Credit Bank of St. Paul (In re Anderson), 913 F.2d 530, 532 (8th Cir. 1990); Bowman v. Bond (In re Bowman), 53 B.R. 233, 238 (B.A.P. 8th Cir. 2000). Once the creditor sustains that burden, the burden of proof shifts to the debtor to show that the property is necessary to an effective reorganization. See Anderson, 913 F.2d at 532.

The parties seem to agree the Debtor lacks equity in the property, and the remaining question is whether the property is necessary for an effective reorganization. In a single-asset bankruptcy case like this one, the property will almost always be necessary for reorganization for the very reason that it is the debtor's sole asset, and relief under section 362(d)(2)(B) will be available only if reorganization within a reasonable time is not feasible. See United Sav. Ass'n of Tex. v. Timbers of Inwood Forest, 484 U.S. 365, 376 (1988) (noting that the requirement that the property be "necessary to an effective reorganization" requires a showing that there is "a reasonable possibility of a successful reorganization within a reasonable time" (internal quotation omitted)); Ahlers v. Norwest Bank Worthington (In re Ahlers), 794 F.2d 388 (8th Cir. 1986), rev'd on other grounds, 485 U.S. 197 (1988). To show a reasonable possibility of a successful reorganization, the Debtor must establish that it is "moving meaningfully" toward a reorganization which is in prospect. Timbers, 484 U.S. at 374. Unless the proposed plan is patently unconfirmable or clearly unfeasible, the debtor should be permitted to attempt to

AO 72A
(Rev.8/82)

achieve confirmation. See John Hancock Mut. Life Ins. Co. v. Route 37 Bus. Park Associates, 987 F.2d 154, 157 (quoting In re 266 Washington Associates, 141 B.R. 275, 281 (Bankr. E.D.N.Y. 1992), aff'd, 147 B.R. 827 (E.D.N.Y. 1992) (3d Cir. 1993); In re Dupell, 235 B.R. 783, 790 (Bankr. E.D. Pa. 1999); Creekstone Apartments Associates, L.P. v. Resolution Trust Corp. (In re Creekstone Apartments Associates, L.P.), 168 B.R. 639, 643 (Bankr. M.D. Tenn. 1994). If a case is in the initial stages prior to the first confirmation hearing, section 362(d)(2) is not a remedy for the creditor as long as the debtor files a proposed plan that is not patently unconfirmable and begins moving meaningfully toward reorganization. See In re Creekstone Apartments Associates, L.P.), 168 B.R. at 643.

This case remains in its initial stages. See id. (finding a case that was filed two years earlier to still be in its initial stage because the parties had failed to reach the initial confirmation hearing). Consequently, the Debtor need only show that its proposed plan is not patently unconfirmable and that it is moving meaningfully toward reorganization. The court is convinced that the Debtor has met this minimal burden. The Debtor has proposed a plan that the Court cannot say would necessarily be patently unconfirmable. Further, it appears to the Court that the Debtor has moved meaningfully toward reorganization. In addition to the plan of reorganization, the Debtor has filed a disclosure statement that is set for hearing next month. In conclusion, the Court cannot determine at this stage of the case that there is no reasonable possibility for the Debtor to reorganize, and Miller R & C's claim under section 362(d)(2) fails.

Miller R & C asserted by its motion and at the hearing on the matter that relief from the stay was also warranted under section 362(d)(3) because the Debtor had neither filed a plan of reorganization with a reasonable possibility of achieving confirmation in a reasonable time nor

3

AO 72A
(Rev.8/82)

commenced monthly payments to Miller R & C in an amount equal to the current fair market value of Miller R & C's interest in the property. As discussed above, the Debtor has indeed filed a plan of reorganization with a reasonable possibility of achieving confirmation in a reasonable time. Section 363(d)(3) therefore does not provide a basis for relief from the automatic stay.

Section 362(d)(1) is a bit more problematic for the Debtor. Under section 362(d)(1), the party seeking relief from the automatic stay is required to establish a prima facie case of cause for relief. Section 362(d)(1) does not define "cause," and courts must determine whether "cause" exists on a case-by-case basis. See Baldino v. Wilson (In re Wilson), 116 F.3d 87, 90 (3rd Cir. 1997); In re Balco Equities Ltd., Inc., 312 B.R. 734, 748 (Bankr. S.D.N.Y. 2004). If a creditor establishes a prima facie case, the burden shifts to the debtor to prove adequate protection. 11 U.S.C. § 362(g). Section 361 provides that adequate protection may be provided by cash payments, an additional or replacement lien, or other relief giving the creditor the "indubitable equivalent" of its interest.

Miller R & C asserts cause exists under section 362(d)(1) to grant relief from the stay to enable Miller R & C to adequately protect its interest in the property. Specifically, Miller R & C asserts the property is not insured and real property taxes are delinquent. The Debtor argues Miller R & C has not established cause because the property is indeed insured and real property taxes have been paid through 2003. The Debtor claims that additional real property taxes are not due until October 1, 2005, but nonetheless offers to make tax payments of $300.00 per month as adequate protection.

Nonpayment of taxes and failure to insure property may constitute cause under section 362(d)(1). In re Tofsrud, 230 B.R. 862, 874 (Bankr. D.N.D. 1999). The Court will grant Miller

4

AO 72A
(Rev.8/82)

R & C's motion for relief from stay under section 362(d)(1) unless the Debtor files with the Court within 10 days of the date of this order proof of insurance and proof either that real property tax obligations are current or that a payment of $300.00 per month will cure any existing default, deficiency, penalty, or other threat to Miller R & C's interest. If the Debtor provides such documentation, the Court will assess its sufficiency under sections 361 and 362 of the Bankruptcy Code and will issue another Order in this matter.

Based on the foregoing, Miller R & C, Inc.'s motion for relief from stay will be GRANTED 10 days following entry of this Order pursuant to 11 U.S.C. § 362(d)(1) unless within that time Debtor Harwood Hideout, Inc. provides proof of insurance and proof either that real property tax obligations are current or that payment of $300.00 per month will cure any existing default, deficiency, penalty, or other threat to Mller R & C, Inc.'s interest.

**SO ORDERED.**

Dated this March 4th , 2005.

WILLIAM A. HILL, JUDGE
U.S. BANKRUPTCY COURT

NOTICE OF ENTRY
PURSUANT TO FRBP 9022
Entered on docket 03/04/05 and
copies mailed 03/04/05 to:
U.S. Trustee, electronically
David L. Johnson, electronically
David Alan Garaas, via U.S. Mail

5

AO 72A
(Rev.8/82)